IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL BERNARDINI,

      Plaintiff,                     No. CIV S-09-2206 MCE EFB P

  vs.

COOK, et al,

                                     ORDER AND
      Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner confined at San Quentin State Prison. He is proceeding pro se and it appears that he is attempting to commence a civil action under 42 U.S.C. § 1983 for civil rights violations alleged to have occurred at High Desert State Prison. Although he has not paid the filing fee or sought leave to proceed *in forma pauperis*, and has not filed a complaint to initiate an action, he filed a motion for a temporary restraining order on August 10, 2009. Apart from the failure to properly initiate a civil suit, plaintiff has not filed any of the documents that this court requires before issuing a temporary restraining order. *See* E. D. Local Rule 65-231(c). Accordingly, his request must be denied.

      Plaintiff is informed of the materials necessary to obtain a temporary restraining order. First, plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28

1

U.S.C. § 1915(a)(1). Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." In order to proceed, plaintiff must either pay the filing fee or comply with the *in forma pauperis* statute.

Furthermore, a complaint is necessary for the commencement of a civil action. Fed. R. Civ. P. 3. Any complaint must contain "a short and plain statement of [plaintiff's] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8. Plaintiff may draft his claims on the form complaint used by this court.

In addition to the materials listed above, a prisoner moving for a temporary restraining order must, at a minimum, file a brief on the legal issues presented in the motion and an affidavit detailing the notice, or efforts to effect notice, to the affected parties or their counsel. E. D. Local Rule 65-231(c). In the alternative, he may make a showing of good cause why such notice should not be given. *Id.*

Unless plaintiff completes each of these requirements there is no basis for entertaining or granting a motion for a temporary retraining order. Moreover, until plaintiff has submitted a complaint and either paid the filing fee or met the requirements of 28 U.S.C. § 1914(a), there simply is no case before the court.

Accordingly, it hereby is ORDERED that:

1. Within 15 days of the date this order is served, plaintiff shall submit the required documents listed above. In lieu of submitting a complete application to proceed *in forma pauperis*, plaintiff may pay the $350 filing fee. Failure to comply with this order will result in a recommendation that this action be dismissed.

////

1    2. The Clerk of the Court shall send to plaintiff the form complaint and application for
2 leave to proceed *in forma pauperis* used in this court.
3    Further, it is hereby RECOMMENDED that plaintiff's application for a temporary
4 restraining order be denied without prejudice.
5    These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
12 Dated:  October 26, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3